UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THOMAS J. CHISHOLM, II,

*Plaintiff*,

– against –

THE UNITED STATES OF AMERICA,

*Defendant*.

**MEMORANDUM & ORDER**
25-cv-01117 (NCM) (LKE)

**NATASHA C. MERLE**, United States District Judge:

Pro se plaintiff Thomas J. Chisholm II filed this action against the United States of America seeking redress for the nation's historical treatment of African and African American individuals. *See generally* Compl., ECF No. 1. Plaintiff's requests to proceed in forma pauperis ("IFP") are granted. Mots. to Proceed IFP, ECF Nos. 4, 7. For the reasons discussed below, the Court dismisses plaintiff's complaint without prejudice and grants plaintiff leave to file an amended complaint within thirty (30) days.

## DISCUSSION

Plaintiff has sued the United States of America "to bring to the attention of the United States Federal Government[] the gross negligence of its enforcement of, and Constitutional obligations to . . . the African people and their African American

descendants." *See* Compl. 3.[1] Plaintiff also seeks redress for "violations of the constitutional rights and detestable treatment of . . . African American human beings, including [plaintiff's] family members." *See* Compl. 3. Plaintiff seeks one billion dollars in damages. *See* Compl. 27.

Pleadings filed by pro se litigants are held to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court construes a pro se plaintiff's complaint liberally and interprets it to raise the strongest arguments it suggests. *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013). At the pleadings stage, the Court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Federal courts are courts of limited jurisdiction. For a federal court to hear a case, the court must have jurisdiction over the subject matter of the lawsuit. If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015).

Plaintiff's lawsuit against the United States of America must be dismissed because the doctrine of sovereign immunity deprives the Court of subject matter jurisdiction. Sovereign immunity bars federal courts from hearing all suits against the United States and its agencies except where sovereign immunity has been waived. *United States v.*

---

[1]     Throughout this Order, page numbers for docket filings refer to the page numbers stamped on the document's ECF header.

*Mitchell*, 445 U.S. 535, 538 (1980). Plaintiff's complaint does not allege any plausible waiver of sovereign immunity by the United States with respect to this suit.

Though not referenced by the complaint, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80 waives sovereign immunity for certain claims for damages arising from the conduct of federal government officers or employees. *See* 28 U.S.C. § 1346(b)(1). Before bringing a suit under the FTCA, however, a claimant must comply with the FTCA's procedural requirements, including exhausting the claimant's administrative remedies by first filing a claim for damages with the relevant federal government entity. 28 U.S.C. § 2675(a). "This requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Plaintiff does not allege any facts indicating that he filed a claim for damages with a federal entity and exhausted his administrative remedies. There is thus no basis to conclude that the FTCA has waived sovereign immunity in this case. *See Moore v. United States*, No. 19-cv-09760, 2019 WL 5634679, at *1 (S.D.N.Y. Oct. 31, 2019). The Court finds plaintiff's lawsuit barred by sovereign immunity and dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed without prejudice. The Court finds under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court grants plaintiff leave to file an amended complaint within thirty (30) days of this Order. If plaintiff chooses to file an amended complaint, the submission should be labeled "Amended Complaint" and include the full docket number. If plaintiff does not file

an amended complaint within thirty (30) days or fails to request an extension of time to

do so, the Clerk of Court shall be directed to enter judgment and close the case.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:  October 9, 2025
     Brooklyn, New York

4