UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THOMAS J. CHISHOLM II,<br><br>         *Plaintiff,*<br><br>– against –<br><br>THE UNITED STATES OF AMERICA,<br><br>         *Defendant.* | **MEMORANDUM & ORDER**<br>25-cv-01117 (NCM) (LKE) |

**NATASHA C. MERLE**, United States District Judge:

On April 4, 2025, pro se plaintiff Thomas J. Chisholm II filed a complaint against the United States of America seeking redress for the nation's historical treatment of African and African American individuals. *See* Compl., ECF No. 1. On October 9, 2025, the Court issued an order granting plaintiff's request to proceed in forma pauperis ("IFP") and dismissing plaintiff's complaint without prejudice because it was barred by the doctrine of sovereign immunity. *See* Mem. & Order ("Oct. 2025 Order"), ECF No. 9. On February 2, 2026, plaintiff filed an amended complaint. *See* Am. Compl. ("AC"), ECF No. 13. For the reasons discussed below, the Court dismisses plaintiff's amended complaint without prejudice and grants plaintiff leave to file a second amended complaint within thirty (30) days.

## DISCUSSION

Plaintiff's amended complaint is materially identical to plaintiff's original complaint, with the exception of two new pages at the beginning. *Compare* AC 1–2, *with*

1

Compl.[1] The first new page asserts that "[t]his suit is being scruitinized for 'statutes of limitations'" and argues that no statute of limitations applies. AC 1. In fact, however, the Court's prior order did not mention anything about a statute of limitations. *See generally* Oct. 2025 Order. The second new page argues that federal courts generally apply a more lenient standard to pro se complaints, citing *Erickson v. Pardus*, 551 U.S. 89 (2007) and *Haines v. Kerner*, 404 U.S. 519 (1972). However, the Court's prior opinion noted and applied the liberal standard properly afforded to pro se complaints. *See* Oct. 2025 Order 2. Accordingly, because plaintiff's amended complaint contains no material difference from plaintiff's original complaint, the Court dismisses plaintiff's amended complaint for lack of subject matter jurisdiction for the same reasons discussed in the Court's prior order. *See* Oct. 2025 Order.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed without prejudice. The Court finds under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court grants plaintiff leave to file a second amended complaint within thirty (30) days of this Order. If plaintiff chooses to file a second amended complaint, the submission should be labeled "Second Amended Complaint" and include the full docket number. To the extent plaintiff requires assistance preparing a second amended complaint, plaintiff is encouraged to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 or FedProEDNY@nycbar.org to make an

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers stamped on the document's ECF header.

appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

If plaintiff does not file a second amended complaint within thirty (30) days or fails to request an extension of time to do so, the Clerk of Court shall be directed to enter judgment and close the case.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:        March 18, 2026
              Brooklyn, New York